IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRINCETON T. TAYLOR, #250922,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:16-CV-448-WKW |
| ) | |
| DENNIS MEEKS, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Princeton T. Taylor ("Taylor"), an indigent inmate, in which he challenges the constitutionality of actions taken against him on June 3, 2016 during a prior period of incarceration at the Covington County Jail. The order of procedure entered in this case instructed Taylor to inform the court immediately of any new address. *Doc. No 4* at 6. Taylor received a copy of this order and provided the court with a change of address upon his transfer from the county jail to the custody of the Alabama Department of Corrections. *See Doc. No. 13*.

The court issued orders on October 28, 2016 (Doc. No. 24 and (Doc. No. 26), copies of which the Clerk mailed to Taylor. The postal service returned these orders because Taylor no longer resides at the address he had last provided to the court.[1] In light of the foregoing, and as Taylor had not provided the court with a correct address as directed by the order of procedure, the court entered an order requiring that on or before December 9, 2016 Taylor inform the court of his current address. *Doc. No. 28*. This order specifically advised Taylor that the instant case could

---

[1] In his Notice of change of Address (Doc. No. 13), Taylor identified Kilby Correctional Facility as his most recent address. A search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Taylor is no longer incarcerated within the state prison system.

not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. As of the present date, the court has received no response from Taylor to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Taylor has failed to comply with the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Taylor is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before January 31, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 17th day of January, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge